

**FILED**
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

DEC 11 2020

BY_____
DEPUTY

## IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

KIRK A. FUQUA, an Individual, )
)
    Plaintiff, )
)
    v. )  Case No.: CJ-2020- 6003
)
STATE FARM MUTUAL AUTOMOBILE INS. )
CO., STATE FARM LIFE INSURANCE CO., )
STATE FARM FIRE AND CASUALTY CO., )
STATE FARM GENERAL INSURANCE CO., )
a collection of foreign insurance companies, and )
COURTNEY HUMPHREY, an individual, and )
HUMPHREY INSURANCE AND FINANCIAL )
SERVICES, INC. )
)
    Defendants. )

CASE ASSIGNED TO:

**JACK D. MCCURDY H**

JUDGE: _____

### PETITION

    Plaintiff KIRK A. FUQUA, an Individual, for his causes of action against Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM LIFE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, a collection of foreign insurance companies (collectively "State Farm") and COURTNEY HUMPHREY, an individual and operating as HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC. ("Humphrey"), alleges and states as follows:

    1.    Plaintiff Kirk A. Fuqua ("Plaintiff") is a resident of Oklahoma City, Oklahoma County, Oklahoma.

    2.    Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, State Farm General Insurance Company (collectively "State Farm Defendants"), are a collection of foreign insurance companies

<div style="border:1px solid black; text-align:center;">

**EXHIBIT**

**2**

</div>

organized under the laws of the State of Illinois and with principal offices located in Illinois.

3.     Defendant Courtney Humphrey is an individual and insurance agent, with a principal office located in Yukon, Oklahoma.

4.     Defendant Courtney Humphrey owns and operates Humphrey Insurance and Financial Services, Inc. with a principal office located in Yukon, Oklahoma.

5.     Plaintiff and State Farm Defendants entered a contract dated January 1, 2012 titled "State Farm Agent's Agreement" which, according to the terms therein, appointed Plaintiff as "an Agent" to represent the State Farm Defendants in Oklahoma.

6.     During the relevant time period, Plaintiff and Defendant Humphrey were State Farm agents, subject to similar, if not the same, terms and conditions of business operations and practices pursuant to State Farm Agency Agreements.

7.     Plaintiff and Defendant Humphrey were to perform the functions of State Farm agents in Canadian County and Oklahoma County, pursuant to and under Agency Agreements.

8.     This lawsuit arises out of insurance operations, conduct and improper activities that occurred, in part, in Canadian County.

9.     Jurisdiction and venue are proper before this Court.

## CLAIMS AGAINST STATE FARM DEFENDANTS
## BREACH OF CONTRACT

10.    Plaintiff Kirk Fuqua had a contract with the State Farm Defendants setting out certain terms and conditions governing the relationship and respective businesses of each Party thereto (referred to herein as "Agent's Agreement").

11.    Effective January 01, 2012, the Agent's Agreement set forth the objectives, obligations, and responsibilities essential to the relationship between the Agent and State Farm.

12.    In the Agent's Agreement, the State Farm Defendants state that they "do not seek,

and will not assert, control of your (Agent) daily activities," but they do expect the Agent "to exercise your own judgment as to the time, place, and manner of soliciting insurance, servicing customers, and otherwise carrying out the provisions of this Agreement".

13. Section I, Paragraph C, in part, identifies Plaintiff as an independent contractor for all purposes, including the power of "full control of your daily activities, with the right to exercise independent judgment as to time, place, and manner" of offering services and otherwise carrying out the provisions of the Agent Agreement.

14. While Plaintiff is referred to as an "independent contractor" in several provisions of the Agent Agreement, but Section I, Paragraph B, identifies the arrangement as a "Principal-Agent relationship" and places an affirmative obligation/duty on Plaintiff to follow State Farm "procedures, and processes, providing prompt, friendly, accurate, and cost effective service, avoiding conflicts of interest, cooperating with and advancing the interests of the (State Farm Defendants), the agents, the policyholders and the customers."

15. The State Farm Defendants breached the allocation of authority and independent contractor relationship by regularly and systematically infringing on the powers specifically given to Plaintiff under the Agent Agreement and by requiring Plaintiff to follow and comply with State Farm procedures and processes.

16. Defendants also breached the Agent's Agreement by taking confidential business information of Plaintiff's agency and publishing the same to a larger community without permission of Plaintiff.

17. Section I, Paragraph E of the Agent Agreement, identifies as property of State Farm "manuals, forms, records, computer-related and electronic files, equipment, and such other materials, supplies, and services as we may specify from time to time" and provides that all such

property shall remain the property of State Farm.

18. Section I, Paragraph F, of the Agent Agreement, in part, identifies the trade secrets and confidential business information of State Farm Defendants to include customer information, property insured identification, expiration or renewal dates of policies, and account and investment information acquired or coming into your (Agent's) possession during the effective period of the Agent Agreement.

19. During 2014, Plaintiff Kirk Fuqua developed a program called Solutions With Accountability Tactics or "SWAT".

20. The SWAT program was developed, designed, and implemented by Plaintiff Kirk Fuqua outside of any resources, input, equipment or time from Defendants.

21. Plaintiff was the owner of the SWAT program, including the intellectual property, trade secrets, forms, scripts, and confidential business information comprising the SWAT program.

22. The SWAT program was not the property of, not a trade secret, and not confidential business information of the State Farm Defendants.

23. Defendants breached the Agent Agreement by improperly taking the SWAT program and materials that are part of the program, taking steps to hide the improper and illegal action and failing to provide or offer any compensation for the conversion of the SWAT program.

24. Defendants also breached the Agent's Agreement by moving, transferring, or otherwise changing clients and customers from Plaintiff's Agency to other State Farm agencies without reason or justification.

25. In the Agent's Agreement, Section I, Paragraph J, in part, established that Plaintiff Kirk Fuqua's clients would be left in his account so long as the customer resides within a 75-mile radius of his principal place of business and within a State in which he was duly licensed.

26.     Section I, Paragraph J, also provides an exception to the agreement to leave clients in Plaintiff's account when "we (State Farm Defendants) may, after prior written notice to you, transfer any policy or account to the account of another State Farm agent when the customer makes a bona fide request in writing".

27.     To the best of Plaintiff's recollection and upon information and belief, only one (1) client/customer from Plaintiff's agency ever submitted a written request to transfer a policy or account; yet, many more were moved by Defendant.

28.     In the same section of the Agent's Agreement, Section I, Paragraph J, other agents are restricted in that they "shall neither directly nor indirectly attempt to divert policies or accounts from unassigned accounts or from those of other State Farm agents, or from your own account to the accounts of other State Farm agents". Yet, this is what the State Farm Defendants did to Plaintiff.

29.     The State Farm Defendants violated the terms of the Agent's Agreement by moving, transferring, or changing clients and customers away from Plaintiff's Agency without justification, contractual or otherwise, to do so.

30.     The State Farm Defendants breached the contract with Plaintiff by improperly and without justification interfering with Plaintiff's prospective business opportunities by contacting potential clients to negatively and falsely portray Plaintiff's business operation.

31.     Under the Agent's Agreement, Section I, Paragraph P, Plaintiff was responsible for the recruitment, selection, compensation, management, and control of his staff and that he was responsible for staffs' activities and for ensuring proper licensing, not the State Farm Defendants.

32.     The State Farm Defendants did not have contractual authority to remove staff and/or employees of Plaintiff's agency.

33. The State Farm Defendants breached the contract with Plaintiff by improperly and without justification interfering with Plaintiff's authority for staff and employees of Plaintiff's agency.

34. The State Farm Defendants breached the terms of the Agent's Agreement by: labeling Plaintiff as an Independent Contractor, but requiring Plaintiff to follow State Farm's procedures and processes; taking confidential business information and trade secrets from Plaintiff and publishing the same for use by others without consent; taking, moving and transferring clients and customers of Plaintiff's Agency to other State Farm agencies without justification; and wrongly interfering with Plaintiff's authority for employees of Plaintiff's Agency.

35. Plaintiff's damages for Defendants wrongful actions include lost revenues from continuing agency operations, lost bonuses and other income from dilution of Plaintiff's book of business by Defendants moving clients to other agencies, and other lost income well in excess of the amount required for diversity jurisdiction under 28 U.S. C. § 1332.

## MISAPPROPRIATION OF TRADE SECRETS

36. Plaintiff Kirk Fuqua incorporates here all prior paragraphs of this Petition.

37. Plaintiff developed SWAT and owned the intellectual property, trade secret, confidential and business information comprising the SWAT program.

38. The State Farm Defendants took the SWAT program without Plaintiff's permission and misappropriated the program and confidential information contained therein.

39. The State Farm Defendants published, provided access to, and shared confidential information and forms originally from the SWAT program to a website shared by and accessible by many people across the State Farm Defendants.

40. The publication and sharing engaged in and allowed by the State Farm Defendants

was not limited to persons with permission to access the SWAT program and was contrary to any prior use agreements entered into between SWAT and others who paid to access the program.

41.    Plaintiff contacted State Farm once he learned the SWAT program and information had been posted on-line and requested that the information and forms be taken down/removed.

42.    While the improperly obtained information, forms, and confidential strategies contained as part of the SWAT program were removed at the request of Plaintiff, said items had already been posted, shared, disseminated, and published.

43.    Plaintiff is unable to determine at this time the extent of Defendants' publication of Plaintiff's confidential SWAT program and is unable to determine how many unauthorized users accessed the information.

44.    Plaintiff was directly harmed and damaged by the Defendants' misappropriation of the SWAT program as every single instance of access was unauthorized and in violation of Plaintiff's trade secret protections.

45.    Plaintiff was directly harmed and damaged by Defendants' misappropriation of the trade secrets, intellectual property, confidential and business information comprising the SWAT program.

**UNJUST ENRICHMENT**

46.    Plaintiff Kirk Fuqua incorporates here all prior paragraphs of this Petition.

47.    Plaintiff developed SWAT and owned the intellectual property, trade secret, confidential and business information comprising the SWAT program.

48.    The State Farm Defendants used the SWAT program, with minor changes, and received the benefit of Plaintiff's program to the detriment of Plaintiff and his business interests.

49.    The State Farm Defendants knowingly took the SWAT program without Plaintiff's

permission because there were slight changes made to the presentation of the program materials when the same were published and posted on-line, in an attempt to mask, conceal and obscure the wrongful actions of Defendants.

50.     The State Farm Defendants accepted the benefit of the SWAT program and its State Farm derivative without any compensation to Plaintiff.

51.     The State Farm Defendants would be unfairly benefited by use of the SWAT program and any State Farm derivative therefrom if no compensation were paid to Plaintiff.

52.     Plaintiff Kirk Fuqua was directly harmed and damaged by the State Farm Defendants unilateral taking and use of the SWAT program without compensation to Plaintiff.

## INTERFERENCE WITH CONTRACT/BUSINESS RELATIONS

53.     Plaintiff Kirk Fuqua incorporates here all prior paragraphs of this Petition.

54.     Plaintiff had contracts with his clients in which they had agreed to purchase insurance through him from one or more of the State Farm Defendants.

55.     The State Farm Defendants were aware of the contracts and agreements between Plaintiff Kirk Fuqua and his clients as was the usual operation of such agencies.

56.     The State Farm Defendants were also aware of the Agent's Agreement and provisions therein, specifically Section I, Paragraph J, which precludes the movement of customers/clients without a written request to move having been first submitted by the customer/client.

57.     The State Farm Defendants unilaterally, intentionally and without cause, moved, transferred, and in other ways improperly pulled clients from Plaintiff's Agency and placed the same with different State Farm agents/agencies.

58.     The State Farm Defendants interfered with the contracts and made the on-going

relationship and exchange of benefits between Plaintiff Kirk Fuqua and his clients impossible.

59.     The State Farm Defendants moved Plaintiff Kirk Fuqua's clients through improper and unfair means.

60.     Prior to the State Farm Defendants' wrongful actions, Plaintiff Kirk Fuqua's business was growing and had become one of the top, if not the top, producing agencies and operations in the region.

61.     Plaintiff Kirk Fuqua was directly harmed and damaged by the State Farm Defendants' actions in that he lost the business contracts, agreements, and arrangements with economic benefits, of his clients.

62.     Plaintiff Kirk Fuqua was directly harmed by the taking of clients by the State Farm Defendants without his permission, consent, without his input, without any justification by Defendants and without Plaintiff having acted improperly or otherwise creating any grounds for Defendants' actions.

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

63.     Plaintiff Kirk Fuqua incorporates here all prior paragraphs of this Petition.

64.     Prior to the wrongful conduct of Defendants, Plaintiff Kirk Fuqua had built a business and agency that was one of the top, if not the top, producing agencies and operations in the region.

65.     The success of Plaintiff's business was due, in large part, to the SWAT program.

66.     Proper utilization of the SWAT program had proven to be an effective method for increasing and improving the services provided to clients.

67.     At the time of the State Farm Defendants' wrongful actions, Plaintiff Kirk Fuqua had established significant prospective business relationships with clients, both established and

potential.

68.     As such, Plaintiff Kirk Fuqua had an expectation of business continuation through established clients and prospective economic opportunities through securing and serving future clients.

69.     The State Farm Defendants' wrongful conduct as alleged herein effectively shut down Plaintiff's agency prior in time to the State Farm Defendants action to terminate the contact with Plaintiff.

70.     The State Farm Defendants directly interfered with, and effectively ended, Plaintiff's prospective business operations.

71.     Plaintiff was directly harmed by the State Farm Defendants' interference and Plaintiff sustained significant loss of income, current and prospective.

Plaintiff Kirk Fuqua, by and through undersigned counsel, seeks judgment against the State Farm Defendants, for all damages sustained by him, all damages recoverable for the claims set forth in this Petition, and all damages supported by the facts of this matter.

## CLAIMS AGAINST DEFENDANT COURTNEY HUMPHREY
### MISAPPROPRIATION OF TRADE SECRETS

72.     Plaintiff developed the SWAT program and owned the intellectual property, trade secret, and confidential business information compromising the program.

73.     Defendant Humphrey separately from the State Farm Defendants allowed a former employee of Plaintiff's agency to work from her offices while under suspension by State Farm.

74.     During this time, Defendant Humphrey gained access to and retained some of the SWAT program and the trade secrets, confidential and proprietary information contained therein without Plaintiff's permission.

75.     Defendant Humphrey also improperly received confidential client lists, client

contact information, policy information, and other data deemed privileged and consisting of trade secrets for Plaintiff's agency.

76.    Defendant Humphrey improperly retained the confidential information obtained improperly from Plaintiff's agency.

77.    Defendant Humphrey improperly and without any compensation to Plaintiff received the benefits of the misappropriation of Plaintiff's trade secrets and confidential information.

78.    Plaintiff was directly harmed and damaged by Defendant Humphrey's misappropriation of the trade secrets, intellectual property, confidential business information from Plaintiff's agency.

## UNJUST ENRICHMENT

79.    Plaintiff Kirk Fuqua incorporates here prior paragraphs 72 through 78 of this Petition.

80.    Defendant Humphrey, separate and distinct from the State Farm Defendants, knowingly took the SWAT program without Plaintiff's permission, by and through retaining the former employee of Plaintiff's agency and received benefits therefrom.

81.    Defendant Humphrey, separate and distinct from the State Farm Defendants, knowingly received confidential information, trade secrets, client information and other protected data from Plaintiff's agency by and through employing the former employee of Plaintiff's agency with full knowledge that said employee had been terminated.

82.    Defendant Humphrey accepted the benefits of Plaintiff's SWAT program without permission.

83.    Defendant Humphrey accepted the benefits of Plaintiff's confidential information,

trade secrets, client information and other privileged business data without Plaintiff's permission or any compensation to Plaintiff.

84. Defendant Humphrey has been unjustly enriched at the expense of Plaintiff and Plaintiff has been harmed by Defendant Humphrey's actions.

## INTERFERENCE WITH CONTRACT/BUSINESS RELATIONS

85. Plaintiff Kirk Fuqua incorporates here prior paragraphs 72 through 84 of this Petition. Plaintiff had contracts with his clients in which they had agreed to purchase insurance through him from one or more of the State Farm Defendants.

86. Defendant Humphrey was aware of the contracts and agreements between Plaintiff Kirk Fuqua and his clients as was the usual operation of such agencies.

87. Defendant Humphrey was also likely aware of the Agent's Agreement and provisions therein, specifically Section I, Paragraph J, which precludes the movement of customers/clients without a written request to move having been first submitted by the customer/client.

88. Defendant Humphrey improperly obtained confidential business information from Plaintiff's agency, including customer/client listings, customer/client contact information and materials generated by and through Plaintiff's SWAT program, and used said information to improperly pull or move clients from Plaintiff.

89. Defendant Humphrey, intentionally and without permission, sought to improperly pull clients from Plaintiff's Agency to Defendant's own agency.

90. Defendant Humphrey successfully moved and/or received clients from Plaintiff's agency contrary to the applicable agent's agreements and in direct interference with the business relationship established between Plaintiff and Plaintiff's clients.

91. Prior to Defendant's wrongful actions, Plaintiff Kirk Fuqua's business was growing and had become one of the top, if not the top, producing agencies and operations in the region.

92. Plaintiff Kirk Fuqua was directly harmed and damaged by the Defendant's actions in that he lost the business contracts, agreements, and arrangements with economic benefits, of his clients.

93. Plaintiff Kirk Fuqua was directly harmed by the taking of his clients by Defendant Humphrey without his permission or compensation.

Plaintiff Kirk Fuqua, by and through undersigned counsel, seeks judgment against Defendant Courtney Humphrey, for all damages sustained by him, all damages recoverable for the claims set forth in this Petition, and all damages supported by the facts of this matter.

Plaintiff further seeks an award of costs, interest, attorney fees and any other relief which this Court deems just and reasonable from all Defendants.

Respectfully submitted,

Justin D. Meek, OBA #21294
Kevin Cunningham, OBA #22117
DeWITT, PARUOLO & MEEK
3540 S. Boulevard, Suite 300
Edmond, Oklahoma 73013
*mailing address:*
P.O Box 138800
Oklahoma City, Oklahoma 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
Email: jmeek@46legal.com
            kcunningham@46legal.com

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED