## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIRK A. FUQUA, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. CIV-21-0003-R |
| ) | |
| **STATE FARM MUTUAL AUTOMOBILE** ) | |
| **INS. CO.; STATE FARM LIFE** ) | |
| **INSURANCE CO.; STATE FARM FIRE** ) | |
| **AND CASUALTY COMPANY; STATE** ) | |
| **FARM GENERAL INSURANCE CO., a** ) | |
| **collection of foreign insurance companies;** ) | |
| **and COURTNEY HUMPHREY, an** ) | |
| **individual; and HUMPHREY INSURANCE** ) | |
| **AND FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Plaintiff Kirk A. Fuqua's ("Plaintiff") Motion to Remand, Doc. No. 14. Defendant State Farm ("State Farm") filed a Response in Opposition. Doc. No. 18.

State Farm, "organized under the laws of … Illinois and with principal offices located in Illinois[,]" is the "leading automobile and homeowner insurer in the United States." Doc. No. 1-2, ¶ 2; Doc. No. 18, p. 1. Plaintiff—a citizen of Oklahoma City, Oklahoma—entered into an "Agent Agreement" with State Farm in 2012. Doc. No. 14, pp. 1-2. Defendant Courtney Humphrey ("Humphrey")—also an Oklahoma citizen—"owns and operates Humphrey Insurance and Financial Services, Inc. …", another State Farm-affiliated insurance agency. Doc. No. 1-2, ¶¶ 3–7.

Plaintiff alleges that his Agent Agreement with State Farm created a Principal-Agent relationship, whereby Plaintiff "full[y] control[led his] daily activities," while State Farm retained property interests in "manuals, forms, records, computer-related and electronic files … and such other materials …". Doc. No. 1-2, ¶¶ 12, 17. "During 2014, Plaintiff [ ] developed a program called Solutions With Accountability Tactics or 'SWAT'." *Id.* ¶ 19. SWAT assisted with "client cultivation, improving client relations, and maximizing business revenue." Doc. No. 14, p. 2. Plaintiff alleges SWAT was solely his "intellectual property, trade secret, and confidential business information." *Id.*

According to the Petition, at some point after Plaintiff developed SWAT, State Farm "took the [ ] program without [ ] permission[,] misappropriated the program and confidential information contained therein" and then "provided access to [ ] shared confidential information and forms originally from the SWAT program to a website shared by and accessible by many people across the State Farm Defendants." Doc. No. 1-2, ¶¶ 23–24, 38–39. Although State Farm removed the program from the website at his request, Plaintiff alleges items from the SWAT program "had already been posted, shared, [and] disseminated", and therefore, State Farm's actions "directly harmed and damaged" him. *Id.* ¶¶ 42, 61. Further, the Petition alleges that Humphrey impermissibly used the SWAT program to obtain confidential information and important client data. *Id.* ¶ 88. With the help of the SWAT program, Humphrey allegedly "pull[ed] or move[d] clients from Plaintiff" to Humphrey. *Id.* ¶¶ 88–89.

Plaintiff filed this action in the District Court of Canadian County, Oklahoma, asserting claims against State Farm and Humphrey for misappropriation of trade secrets,

2

unjust enrichment, and interference with contract/business relations, and claims for breach of contract and interference with prospective economic advantage only against State Farm. Doc. No. 1-2. In response, State Farm filed a Notice of Removal, asserting that the claims against Humphrey were "misjoined in a single action" with the claims against State Farm. Doc. No. 1, p. 9. Plaintiff countered with this Motion to Remand, Doc. No. 14, arguing that the "claims presented by Plaintiff [ ] arise from the same transaction, occurrence, or series of transactions or occurrences" and contain "overlapping questions of law and fact…". Doc. No. 14, p. 4.

A defendant may remove an action from state court to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Original subject-matter jurisdiction exists over a matter, pursuant to 28 U.S.C. § 1332(a), when the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The "party invoking federal jurisdiction bears the burden of proof" because federal jurisdiction is limited. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

The parties do not dispute that for jurisdictional purposes, Plaintiff is a citizen of Oklahoma, State Farm is a citizen of Illinois, and Humphrey is a citizen of Oklahoma. Doc. No. 1, ¶ 5; Doc. No. 1-2, ¶¶ 1–4. However, State Farm argues that remand is inappropriate because Plaintiff fraudulently misjoined Humphrey to this action.

There are two related—yet, distinct—doctrines that a defendant may assert when a plaintiff joins a non-diverse defendant in an action otherwise removable based on diversity jurisdiction—procedural misjoinder and fraudulent joinder. *See, e.g., Flores-Duenas v.*

3

*Briones*, No. CIV 13-0660 JB/CG, 2013 WL 6503537, at *21–22 (D.N.M. Dec. 1, 2013) (citing *E. Farish Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Policy 569, 572 (2006)). "[*Procedural*] *misjoinder* occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable *procedural* basis to join such defendants in one action." *LaFalier v. State Farm and Casualty Company*, 391 F. App'x 732, 739 (10th Cir. Aug. 19, 2010) (*quoting Percy*, 29 Harv. J.L. & Pub. Policy at 572 (emphasis added)). However, fraudulent joinder arises when the removing party shows "actual fraud in the pleading of jurisdictional facts" or a complete lack of merit for the plaintiff's action against the non-diverse party in state court. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). The Court need not address whether fraudulent joinder applies because State Farm argues only that remand is appropriate based on *procedural misjoinder*. *See generally* Doc. No. 18.

Procedural misjoinder arises when a party is improperly joined under Fed. R. Civ. P. 20(a)(1)–(2). For a plaintiff to join multiple defendants in one action, Rule 20 requires that a) a right to relief is asserted either jointly or out of the same transaction, occurrence, or series of transactions or occurrences and that b) a question of law or fact is common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). When a plaintiff's claims do not meet the requirements of Rule 20, such as "in a case where the joined claims are totally unrelated, a federal district court may find removal jurisdiction pursuant to the fraudulent misjoinder doctrine…", asserting jurisdiction over the action against the diverse defendant and

4

remanding the action against the non-diverse defendant. *McDaniel v. Loya*, 304 F.R.D. 617, 633 (D.N.M. 2015) (quoting *Percy*, 29 Harv. J.L. & Pub. Policy at 572).

As State Farm explains, when the "claims alleged against some defendants are wholly distinct from the claims against a second class of defendants, then the various claims are insufficient for joinder under Fed. R. Civ. P. 20." Doc. No. 18, p. 3 (internal quotation marks omitted) (citing *Bunnell v. Oklahoma MH Properties et. al*, No. CIV-12-372-R, 2012 WL 12863916 (W.D. Okla. May 11, 2012)). However, State Farm's reliance on *Bunnell* is misplaced because in *Bunnell*, there were no questions of fact or law common to the diverse and non-diverse defendants. 2012 WL 12863916 at *1; *see also Rowan v. State Farm Fire & Cas. Co.*, No. CIV-18-109-C, 2018 WL 1426358, at *2 (W.D. Okla. Mar. 22, 2018) (distinguishing *Bunnell* because "there [were] questions of law or fact common to all Defendants"). In *Bunnell*, after sustaining tornado damage, the plaintiffs brought suit against a diverse defendant-insurer because the defendants denied the plaintiffs' claim under "a mobile home insurance policy." *Id.* The plaintiffs' claims against the non-diverse defendants, however, were "based upon the failure of … those [d]efendants to provide storm shelters to mobile home park residents …". *Id.* The Court explained that the "[p]laintiffs [did] not articulate a single *question* of fact or law that is common to all [d]efendants that will arise in this case." *Id.* (emphasis in original). The Court reasoned that the claim alleging a failure of the non-diverse defendant to provide storm shelters had no relation to the claim alleging the defendant-insurer improperly denied plaintiffs' insurance claim. *Id.* Thus, the Court found removal proper, severed Plaintiff's claims against the non-diverse defendant and remanded the action to state court. *Id.*

However, when a plaintiff alleges a relationship exists between non-diverse and diverse defendants and common questions of fact or law underlie the claims, removal is improper. *See Rowan*, 2018 WL 1426358, at *2. In *Rowan*, the diverse defendant insurer denied the insured plaintiffs' claim for storm damage under the plaintiffs' homeowner's policy. *Id.* at *1. The plaintiffs then filed suit against the insurer and joined the non-diverse contractor the plaintiffs had hired to clean the damaged property, alleging the contractor "did not properly clean the property." *Id.* The defendant insurer removed the action, but the plaintiffs filed a motion to remand, arguing that the non-diverse defendant destroyed complete diversity. *Id.* at *2. The court granted the motion to remand because the plaintiffs "rebut[ted] [defendants] allegation that the claim is totally unrelated by alleging a relationship between [the nondiverse and diverse defendants]." *Id.* Specifically, the court explained that plaintiff alleged "an existing business relationship" between the defendants whereby the insurer referred the contractor to certain clean-up jobs. *Id.*

Similarly, here, the claims against State Farm and Humphrey arise from the same series of transactions and involve common questions of fact and law. First, Plaintiff's claims arise from the same "series of transactions or occurrences" because according to the Petition, State Farm took the SWAT program and "provided [agents] access" to it, giving Humphrey the opportunity to then utilize the SWAT program to collect information and pull clients from Plaintiff's Agency.  Doc. No. 1-2, ¶¶ 23–24, 38–39.

Second, Plaintiff's claims invoke multiple common questions of fact and law. For example, Plaintiff's claims against State Farm and Humphrey both require analyzing whether: i) the SWAT program is a trade secret; ii) the Agency Agreement permitted State

6

Farm, or other State Farm agents, to take and use the SWAT program; iii) the use of the SWAT program by someone other than Plaintiff could "unjustly enrich" the defendant; and iv) Plaintiff's clients "were subject to his control" under the Agent Agreement, and thus, support "a contract/business relations claim." Doc. No. 14, pp. 10–13. Similar to *Rowan*, Plaintiff argues that "Humphrey was associated with [State Farm]" and that "it could be determined that [State Farm and Humphrey] acted jointly in obtaining […] the SWAT program." *Id.* As stated above, the "party invoking federal jurisdiction bears the burden of proof." *Sebelius*, 709 F.3d at 1016. State Farm has not met its burden.

Accordingly, because Plaintiff's claims arise from the same series of transactions or occurrences and common questions of fact or law arise between the parties, Plaintiff's Motion to Remand is hereby GRANTED. Further, in light of the Court's disposition on Plaintiff's Motion to Remand, State Farm's Motion to Dismiss is DENIED AS MOOT.

**IT IS SO ORDERED** on this 24th day of March 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE